IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HAWES,<br><br>          Petitioner,<br><br>  vs.<br><br>R. GROUNDS,<br><br>          Respondent.         / | No. C 13-1740 WHA (PR)<br><br>**ORDER OF DISMISSAL;<br>GRANTING LEAVE TO PROCEED<br>IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis.

## ANALYSIS

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

**B.   LEGAL CLAIMS**

In 2009, petitioner was convicted in Marin County Superior Court of rape and other related offenses. In his petition he claims that his First Amendment rights to freedom of religion and the constitutional requirement of separation of church and state are being violated because he is forced to take psychiatric medication. It is difficult to make sense of his rambling and incoherent argument because there is a lengthy discussion of marijuana and medical marijuana laws that do not appear to relate to his conviction. At best, it appears that he is

claiming that taking the medication violates his religion. Such a claim, even if meritorious, would not would not undermine the validity of his conviction or sentence, nor would it otherwise affect the fact or duration of his confinement. As such, his claim involves the conditions of his confinement and should be raised in a civil rights complaint, not a habeas petition. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, petitioner does not present a claim upon which federal habeas relief can be granted, and the petition will be dismissed. Such a dismissal would ordinarily be without prejudice to petitioner bringing his claim in a new civil rights complaint filed in a new case. However, petitioner has already done so, as his claims about being forcibly medicated is now pending in *Hawes v. Breiner*, No. C 12-2024 WHA (PR).

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**. Petitioner has not made a substantial showing that a reasonable jurist would find the denial of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case. The application to proceed in forma pauperis (dkt 2) is **GRANTED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May __1__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.13\HAWES1740.DSM.wpd

2